OPINION
{¶ 1} Defendant-appellant, Christopher Hunley, appeals the decision of the Clermont County Common Pleas Court imposing a consecutive sentence. We reverse the judgment and remand to the trial court for the reasons outlined below.
 {¶ 2} Appellant was indicted in both Hamilton and Clermont Counties on drug charges in the fall of 2001. Appellant was subsequently convicted of aggravated possession of drugs in Hamilton County and convicted of illegal manufacture of drugs in Clermont County.
 {¶ 3} At the plea hearing in Clermont County, the state informed the trial court that it had an agreement with appellant to recommend that Clermont County impose a two-year sentence, to be served concurrently with the two-year sentence previously imposed by Hamilton County.
 {¶ 4} Before accepting the plea, the trial court informed appellant that it would not be bound by the state's recommendation. The trial court later sentenced appellant to a two-year prison term to run consecutive to the Hamilton County sentence. Appellant appeals his sentence, presenting two assignments of error.
 Assignment of Error No. 1 {¶ 5} "THE TRIAL COURT FAILED TO SENTENCE APPELLANT IN ACCORDANCE WITH THE PRINCIPLES OF SENTENCING UNDER SENATE BILL 2. THEREFORE, APPELLANT'S SENTENCE WAS IMPOSED `CONTRARY TO LAW.'"
 {¶ 6} An appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law. State v. Comer, 99 Ohio St.3d 463, 466,2003-Ohio-4165, at 10.
 {¶ 7} Appellant argues that the trial court erred in failing to follow the basic purposes of felony sentencing contained in R.C. 2929.11.
 {¶ 8} "When imposing a felony sentence, the trial court must consider the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender." Id., at 11, citing R.C. 2929.11(A). The trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id.
 {¶ 9} "[T]he law requires that a sentence imposed for a felony shall be reasonably calculated to achieve the purposes of felony sentencing, `commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.'" Id. at 12, citing R.C. 2929.11(B). The factors found in R.C. 2929.12(B) and (C) help the trial court determine how to accomplish the purposes embraced in R.C. 2929.11. Id. at 13.
 {¶ 10} At the sentencing hearing, appellant was given the opportunity to discuss the circumstances that resulted in charges in two different counties. Further, appellant was given the opportunity to explain issues raised by the presentence investigation report.
 {¶ 11} The transcript of the sentencing hearing reveals that the trial court indicated that it had considered the sentencing principals of R.C. 2929.11 and R.C. 2929.12.
 {¶ 12} However, we cannot determine from the record that the trial court adequately stated its findings for imposing a consecutive sentence and the reasons therefor at the sentencing hearing. R.C. 2929.14(E)(4); R.C. 2929.19(B)(2)-(c); State v. Comer, 99 Ohio St.3d 463, at 20.
 {¶ 13} Accordingly, we must reverse and vacate the consecutive sentence imposed and remand this matter to the trial court for resentencing, in accordance with R.C. 2929.14(E)(4), R.C. 2929.19(B)(2); and State v. Comer. Appellant's first assignment of error is sustained.
 Assignment of Error No. 2 {¶ 14} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN THE SENTENCE THAT IT IMPOSED."
 {¶ 15} In this assignment of error, appellant argues that the trial court should have honored the "tacit agreement" between appellant and the state that appellant would serve his Clermont County sentence concurrent to the Hamilton County sentence.
 {¶ 16} While a trial court should not completely disregard the sentence recommended by the state, it does not err by imposing a sentence greater than that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the state. State v. Pettiford, Fayette App. No. CA2001-08-014, 2002-Ohio-1914. See, also, State v. Darmour (1987),38 Ohio App.3d 160, and State v. McKinney (Feb. 8, 1999), Clinton App. No. CA98-02-008.
 {¶ 17} The transcript of the plea hearing shows that the plea agreement was read into the record and appellant was advised of the possible sentences that could be imposed by the trial court for appellant's charge.
 {¶ 18} The following colloquy also took place at the plea hearing:
 {¶ 19} Court: "Now, in a case such as this, the recommendation is that a two year prison term be served concurrent. I would say that my experience has been I don't like concurrency much, separate offenses need separate penalties, but it's not out of reason. I'll be considering it. Do you understand that whether it's concurrent or consecutive will be up to me?
 {¶ 20} A: "Yes, sir, I understand.
 {¶ 21} Court: "You understand that?
 {¶ 22} A: "Yes, sir."
 {¶ 23} We find that the trial court sufficiently warned appellant that it was not bound by the state's agreement to recommend concurrent sentences. Therefore, the trial court did not err in imposing a prison term greater than the term recommended by the state. Appellant's second assignment of error is overruled.
 {¶ 24} The judgment of the trial court is reversed on the limited issue addressed in the first assignment of error. Appellant's sentence is vacated and this matter is remanded to the trial court for resentencing.
YOUNG, P.J., and POWELL, J., concur.
Hendrickson J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.