OPINION
{¶ 1} Appellant, Douglas Mayle, Jr. ("Mayle"), filed a delayed appeal challenging the March 25, 2002 judgment entry of the Ashtabula County Court of Common Pleas sentencing him to a one and a half year term of incarceration. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On January 7, 2002, Mayle entered a plea of guilty to one count of forgery, a violation of R.C. 2913.31(A)(3), and to one count of receiving stolen property, in violation of R.C.2913.51(A)(1), both felonies of the fifth degree. Mayle entered his plea as part of a negotiated plea agreement with the Ashtabula County Prosecutor. On the state's motion, the trial court dismissed the remaining charges against Mayle. The state, in turn, recommended a ten month sentence on each count to run concurrently. The court sentenced Mayle to serve two nine-month sentences on each count to be served consecutively. Mayle served his sentence at the North Coast Correctional Treatment Facility and was released early on June 4, 2003.
 {¶ 3} In his sole assignment of error, Mayle argues that the trial court violated the terms of his negotiated plea agreement by not sentencing him to two ten-month, concurrent sentences. As an initial matter, Mayle's appeal is moot given that he has served his full sentence, he is not challenging his plea, and there is no collateral disability or loss of rights that can be remedied by a modification of his sentence. State v. Frasure,
11th Dist. No. 2002-A-0014, 2003-Ohio-2538, at ¶ 11; State v.Yopp, 11th Dist. No. 2001-A-0039, 2002-Ohio-2073, 2002 Ohio App. LEXIS 1980, at *3; State v. Beamon, 11th Dist. No. 2000-L-160, 2001-Ohio-8712, 2001 Ohio App. LEXIS 5655, at *4; State v.Blevins (Sept. 30, 1999), 11th Dist. No. 98-L-189, 1999 Ohio App. LEXIS 4647, at *4.
 {¶ 4} Turning to the merits of Mayle's appeal, we disagree that the trial court violated the terms of the plea agreement by not accepting the state's recommended sentence. It is well-established that a court is not bound to accept the prosecution's recommended sentence as part of a negotiated plea agreement. State v. Rink, 6th Dist. No. L-02-1307, 2003-Ohio-4097, at ¶ 5 (citation omitted); State v. Pettiford,
12th Dist. No. CA2001-08-014, 2002-Ohio-1914, 2002 Ohio App. LEXIS 1891, at *9; State v. Fischer (Aug. 20, 1997), 9th Dist. No. 18204, 1997 Ohio App. LEXIS 3738, at *6. Crim.R. 11(C)(2)(a) requires the court to inform a defendant of the "maximum penalty involved" before accepting the defendant's plea. However, the rule "does not contemplate that punishment will be a subject of plea bargaining, this being a matter either determined expressly by statute or lying with the sound discretion of the trial court." State v. Mathews (1982), 8 Ohio App.3d 145, 146.
 {¶ 5} The plea agreement, signed by Mayle, states that Mayle understands the maximum penalty for each offense is twelve months and that the trial court is not bound by any agreements. At no point has Mayle filed a Crim.R. 32.1 motion to change his plea. We find, therefore, that the trial court did not violate the terms of the plea agreement by imposing a sentence longer than the one recommended by the prosecution. State v. Hunley, 12th Dist. No. CA2002-09-076, 2003-Ohio-5539, at ¶ 16 (citations omitted) (a trial court "does not err by imposing a sentence greater than that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the state"); State v.Darmour (1987), 38 Ohio App.3d 160, 161.
 {¶ 6} The decision of the Ashtabula County Court of Common Pleas is affirmed.
Judgment affirmed.
Ford, P.J., and Rice, J., concur.