JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Carlton Banks, Jr. ("Banks") appeals the decision of the Cuyahoga County Court of Common Pleas to deny his motion to withdraw his guilty plea, and he appeals his sentence. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. On June 14, 2002, Banks entered pleas of guilty in two cases. In CR-421541, Banks pled guilty to count one, involuntary manslaughter, a felony of the first degree punishable by 3-10 years in prison; count two, failure to comply, a felony of the third degree punishable by 1-5 years in prison; and count six, aggravated assault, a felony of the fourth degree punishable by 6-18 months in prison. The remaining counts were dismissed by the state. In CR-420197, Banks pled guilty to count one, possession of drugs, and count three, drug trafficking, both felonies of the fourth degree punishable by 6-18 months in prison. The remaining counts were dismissed by the state. On the date of the plea, the judge assigned to Banks' case was unavailable; consequently, the plea was taken by another judge. On July 15, 2002, Banks was sentenced in CR-420197 to one year on each count, to run consecutively. In CR-421541, Banks was sentenced to the maximum amount of ten years on the involuntary manslaughter count, two years on the failure to comply count, and one year on the aggravated vehicular assault count, to run consecutively. Finally, the sentences in each case were ordered to run consecutive to each other, for a total of 15 years.
 {¶ 3} Banks appealed in State v. Banks, Cuyahoga App. Nos. 81679 and 81680, 2003-Ohio-1530, asserting five assignments of error. The trial court's judgment was affirmed in part, reversed in part, and the case was remanded for resentencing. This court reversed in part because the trial court failed to make the proper findings pertaining to proportionality when ordering consecutive sentences. All other assignments of error were overruled.
 {¶ 4} Upon remand for resentencing, Banks moved to withdraw his guilty pleas in both cases. The trial court had a lengthy discussion with Banks' attorney, who was a different attorney than was present at the plea and first sentencing hearing. The trial court denied Banks' motion to withdraw and again sentenced Banks to one year on each drug count, ten years on the involuntary manslaughter count, two years on the failure to comply count, and one year on the aggravated vehicular assault count. All sentences and both cases were again run consecutively for a total of 15 years in prison.
 {¶ 5} Banks appeals alleging five assignments of error for our review.
 {¶ 6} "I. Defendant was denied due process of law when the court overruled defendant's motion to withdraw his plea."
 {¶ 7} Crim.R. 32.1 governs withdrawals of guilty pleas and it provides:
 {¶ 8} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 9} After sentence has been imposed, a trial court may
permit a defendant to withdraw a guilty plea only to correct a manifest injustice. The burden of establishing the existence of such injustice is upon the defendant. State v. Smith (1977),49 Ohio St.2d 261, paragraph one of the syllabus. The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal and later withdrawing the plea if the sentence is unexpectedly severe. State v. Caraballo
(1985), 17 Ohio St.3d 66, citing State v. Peterseim (1980),68 Ohio App.2d 211.
 {¶ 10} In State v. Sneed, Cuyahoga App. No. 80902, 2002-Ohio-6502, this court stated that "A manifest injustice is defined as a `clear or openly unjust act.' Another court has referred to it as `an extraordinary and fundamental flaw in the plea proceeding.' Again, `manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." (Internal citations omitted.)
 {¶ 11} An individual who enters a plea of guilty has no right to withdraw it. State v. Peterseim (1980), 68 Ohio App.2d 211,213. It is within the sound discretion of the trial court to determine what circumstances justify the granting of a motion to withdraw and will not be overturned on appeal absent an abuse of discretion. Smith, 49 Ohio St.2d at 261, paragraph two of the syllabus; State v. Stumpf (1987), 32 Ohio St.3d 95.
 {¶ 12} At the sentencing hearing, Banks argued that he was unaware that the judge who took the plea would not be the judge who would sentence him. In addition, he pled guilty to involuntary manslaughter without knowing the underlying felony, and he alleged there was no investigation regarding the aggravated vehicular assault charge. Further, Banks' attorney argued that he had fallen in county jail and had to use a cane "so I don't think he had a full understanding of what was going on." Finally, Banks argued he should have had a psychological evaluation because he was previously injured in 1992 or 1993 in an industrial accident and these injuries may have prevented him from understanding the plea. The trial court denied Banks motion to withdraw after the judge stated:
{¶ 13} "At no time have you discussed this with me or filed amotion to raise any of these issues other than raising them firstimpression here as you spoke on the record. To characterize whathas gone on here as a manifestation of injustice isinappropriate. We have an individual, a citizen of our community,who is dead as a result of Carlton Banks' lawless conduct.
 {¶ 14} "The record is replete with instances of Mr. CarltonBanks doing the very same thing that he pled guilty to here inthis case * * * and perhaps most importantly none of the issuesthat you raised here this afternoon were raised either at thetime of his charge or indictment or plea or sentencing orappeal."
 {¶ 15} None of the reasons stated by Banks would rise to the level of "manifest injustice" as defined by this court. First, we note that Banks made no effort to withdraw his plea when he appeared for his first sentencing hearing and "discovered" it was a different judge, which would be quite obvious since the judges were different genders. Second, we fail to see how the use of a cane would somehow inhibit Banks' ability to understand the proceeding. Moreover, Banks failed to file a transcript of the original plea in accord with App.R. 9(B); therefore, it is impossible for us to review the actual plea. When the transcript, or portion thereof, necessary for the determination of an assigned error is omitted, a reviewing court must presume the validity of the proceedings below. See Hartt v. Munobe (1993),67 Ohio St.3d 3, 7. Therefore, we presume that the trial court substantially complied with the requirements of Crim.R. 11, and Banks' plea of guilt was made knowingly, intelligently, and voluntarily. Furthermore, this court already determined that Banks was not denied effective assistance of counsel. See Statev. Banks, Cuyahoga App. Nos. 81679, 81680, 2003-Ohio-1530, P46-51. In conclusion, we find that Banks did not present evidence sufficient to demonstrate that his conviction resulted in a manifest injustice to this court or the court below.
 {¶ 16} Banks' first assignment of error is overruled.
 {¶ 17} "II. Defendant was denied due process of law when the court made factual determinations without seeing or hearing witnesses."
 {¶ 18} After reviewing the record and Banks' brief, it is unclear what Banks is referring to when he alleges that the court made factual determinations without seeing or hearing from witnesses. Pursuant to App.R. 12(A)(2) this court may disregard this assignment of error for failure to articulate the error on which the assignment of error is based.
 {¶ 19} Banks' second assignment of error is overruled.
 {¶ 20} "III. Defendant was denied due process of law when the court failed to follow the statutory guidelines in imposing a proportionate sentence."
 {¶ 21} The law is well settled that we will not reverse a trial court on sentencing issues unless the defendant shows by clear and convincing evidence that the trial court has erred.State v. Douse, Cuyahoga App. No. 82008, 2003-Ohio-5238, citing R.C. 2953.08(G)(1).
 {¶ 22} When sentencing an offender, the trial court must consider several aspects of the sentencing statute. First, the overriding purpose of the felony sentencing statute must be followed, namely, to protect the public from future crimes and to punish the offender. R.C. 2929.11(A). Also, the court must consider the need for "incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. Finally, the sentence must be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim and be consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.11(B).
 {¶ 23} This court stated in State v. Woods, Cuyahoga App. No. 82789, 2004-Ohio-2700, "because the mandate of consistency in sentencing is directed to the trial court, it is the trial court's responsibility to insure consistency among the sentences it imposes." See State v. Lyons, Cuyahoga App. No. 80220, 2002-Ohio-3424. The goal of felony sentencing is to achieve "consistency," not "uniformity." State v. Klepatzki, Cuyahoga App. No. 81676, 2003-Ohio-1529.
 {¶ 24} This court went on to say "[a]lthough a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must at least be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal." Id. quotingState v. Armstrong, Cuyahoga App. No. 81928, 2003-Ohio-5932.
 {¶ 25} Here, Banks argues that his crime is similar to aggravated vehicular homicide and therefore he should have been sentenced to no more than five years in prison. Banks cites two cases where defendants were given less than five years when convicted of aggravated vehicular homicide. Banks argues that although he has prior convictions, his sentence should be comparable to similar crimes. We disagree.
 {¶ 26} R.C. 2929.11(B) states that the sentence "be consistent with sentences imposed for similar crimes committed by similar offenders." This means similarly situated defendants, not just similar crimes.
 {¶ 27} In the instant case, the trial court effectively stated:
{¶ 28} "In terms of proportionality I'd like to make thefollowing findings. It is possible to find isolated cases hereand there where defendants who have been convicted of involuntarymanslaughter have received sentences not as lengthy as this one.It's possible to find an isolated incident where you have adefendant charged with similar offenses that may have received anon-consecutive period of incarceration. I'll make two commentsabout that. First of all, these two statutes, involuntarymanslaughter and failure to comply with the lawful order of apolice officer, have been the subject of much litigation and muchlegislation.
 {¶ 29} "There currently is a move afoot in the OhioLegislature as we speak to increase the penalties for involuntarymanslaughter that is committed while driving a motor vehiclebecause of judicial comment that the periods of incarceration arenot severe enough. That's my first comment. My second comment,and also that goes for the count of aggravated vehicularassault.
 {¶ 30} "My second comment is although some defendants may havereceived sentences that are not quite as lengthy as this one, Idoubt that those defendants have amassed the terrible record thatthis defendant has amassed over the last 20 years. As I hope mycomments adequately reflect, at this point this defendant since1973 has been out of control. He has been arrested on one, two,three, four, five, six, seven, eight, nine, ten, eleven, twelve,thirteen, fourteen, fifteen, sixteen, seventeen, eighteendifferent times. He has been convicted of nine separate felonies.He has been convicted of DUI, reckless operation, robbery withkidnapping.
 {¶ 31} "* * * I do suspect that anyone that presents the Courtwith an aggravated fact pattern like this, and that is you know avery lengthy car chase through heavily traveled streets showingabsolutely no care or concern for the safety or well-being ofother people in our community, this kind of aggravating patternwith your record and with the result in this case I think theresults in a sentence like this very, very often which is themaximum consecutive period of incarceration because we need toprotect the public. We need to send a message."
 {¶ 32} Upon our review of the record, we conclude that the trial court made the proper findings with regard to proportionality.
 {¶ 33} As a side note, Banks argues that the trial court did not make the proper findings to order consecutive sentences the second time through. Again, we disagree.
 {¶ 34} R.C. 2929.14(E)(4) provides that a trial court may impose consecutive sentences only when it concludes that the sentence is "(1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction, or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. State v. Stadmire, Cuyahoga App. No. 81188, 2003-Ohio-873.
 {¶ 35} In addition, R.C. 2929.19(B)(2) provides that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 36} The court found that a consecutive sentence was necessary to protect the public and to punish the offender. The court found that it was not disproportionate to the seriousness of the offender's conduct and the danger he posed to the public. Finally, the court found that he committed multiple offenses while awaiting trial and the harm was so great that a single prison term would not adequately reflect the seriousness of his conduct.
 {¶ 37} Banks' third assignment of error is overruled.
 {¶ 38} "IV. Defendant was denied due process of law when he received a maximum sentence based upon the court's erroneous declaration that defendant was a repeat violent offender."
 {¶ 39} In order for a trial court to impose the maximum sentence, it must make the required findings set forth in R.C.2929.14(C), which provides in relevant part: "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, * * * and upon certain repeat violent offenders in accordance with division (D)(2) of this section." In addition, R.C. 2929.19(B) requires the trial court to "make a finding that gives its reasons for selecting the sentence imposed," and if that sentence is the maximum term allowed for that offense, the judge must set forth the "reasons for imposing the maximum prison term." Failure to enumerate the findings behind the sentence constitutes reversible error. State v. Edmonson, 86 Ohio St.3d 324, 329.
 {¶ 40} In this case, the court found that Banks committed the worst form of the offense and that he posed a great likelihood of reoffending. The judge reasoned that Banks had a lengthy history of criminal convictions including DUI's, driving under suspension, drugs, robbery and kidnapping. The court noted that Banks had been abusing heroin since 1973 and continued to use drugs even after three rounds of in-patient treatment. Furthermore, Banks was on bond when this offense occurred. Consequently, the court determined that the maximum sentence was necessary to protect the public.
 {¶ 41} We agree that the trial court could not lawfully impose the statutory maximum prison sentence based on a finding that Banks is a repeat violent offender. R.C. 2941.149 precludes such a finding unless the indictment specifies the offender is a repeat violent offender. In the present case, Banks' indictment does not include this specification. However, any such finding by the trial court is harmless error, given that the court properly imposed his sentence based on a finding that he committed the worst form of the offense and posed the greatest likelihood to reoffend. Either finding would have sufficed. See State v.Portman, Clark App. No. 2001 CA 44, 2002-Ohio-2280.
 {¶ 42} Banks' fourth assignment of error is overruled.
 {¶ 43} "V. Defendant was denied due process of law when he was sentenced consecutively to offenses which should have been merged at sentencing."
 {¶ 44} Since this identical argument was rejected by this court in State v. Banks, Cuyahoga App. Nos. 81679, 81680, 2003-Ohio-1530, the law of the case dictates that this assignment of error is overruled. See Nolan v. Nolan (1984),11 Ohio St.3d 1.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Blackmon, J., Concur.