OPINION
{¶ 1} On October 7, 2004, the Muskingum County Grand Jury indicted appellant, Richard Carter, on one count of burglary in violation of R.C. 2911.12, one count of theft in violation of R.C. 2913.02 and one count of theft of a motor vehicle in violation of R.C. 2913.02.
 {¶ 2} On December 13, 2004, appellant pled guilty as charged. By entry filed February 17, 2005, the trial court sentenced appellant to an aggregate term of four years in prison.
 {¶ 3} On March 1, 2006, appellant filed a motion for judicial release. By journal entry filed March 15, 2006, the trial court denied the motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION FOR JUDICIAL RELEASE PURSUANT TO SECTION 2929.20 OF THE OHIO REVISED CODE, THUS; VIOLATING THE PLEA NEGOTIATIONS BY AND BETWEEN THE PARTIES AND ACCEPTED BY THE COURT."
 I {¶ 6} Appellant claims the trial court erred in denying his timely motion for judicial release thereby violating his plea agreement. We disagree.
 {¶ 7} Under the current state of the law, a trial court is not bound by the state's negotiated plea agreement with a defendant unless the trial court gives specific assurances.State v. Mayle, Ashtabula App. No. 2002-A-0110, 2004-Ohio-2203, ¶ 4.
 {¶ 8} The December 13, 2004 written plea agreement stated the following:
 {¶ 9} "The Defendant hereby acknowledges that through plea negotiations by and between the parties he agrees to accept the Prosecutor's recommendation for sentencing, which is stated as follows:
 {¶ 10} "In exchange for the Defendant's pleas to the three counts contained in the indictment, the State recommends that the Defendant receive a four (4) year prison sentence. The State will not oppose judicial release after the Defendant has been in prison for one (1) year, provided that the pre-sentence investigation revels that the Defendant has no prior felony convictions, and provided that the Defendant is accepted into a Community Based Correction Facility at the time of filing of said motion for Judicial Release.
 {¶ 11} "I further understand that the Prosecutor's recommendation does not have to be followed by the Court."
 {¶ 12} No transcript of the plea hearing was filed by appellant for our review. App.R. 9. Absent the transcript, we are unable to review the exchange between the trial court and appellant. In Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, the Supreme Court of Ohio held the following:
 {¶ 13} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978),53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 14} From appellant's own signed plea agreement, we find the trial court did not assent to or guarantee judicial release. The state's recommendation memorialized in the guilty plea agreement did not bind the trial court.
 {¶ 15} Upon review, we find the trial court did not err in denying appellant judicial release and did not violate the plea agreement.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.