[Cite as *State v. Liles*, 2010-Ohio-5799.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 1-10-28

    v.

LOYSHANE LILES,                        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2003 0129

**Judgment Affirmed**

Date of Decision:    November 29, 2010

APPEARANCES:

    *F. Stephen Chamberlain* **for Appellant**

    *Christina L. Steffan* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Loyshane Liles (hereinafter "Liles"), appeals the Allen County Court of Common Pleas' decisions denying his motion to withdraw his guilty plea and resentencing. We affirm.

{¶2} On April 17, 2003, the Allen County Grand Jury indicted Liles on count one of trafficking in drugs in violation of R.C. 2925.03(A) & (C)(4)(b), a fourth degree felony; count two of trafficking in drugs in violation of R.C. 2925.03(A) & (C)(4)(c), a third degree felony; count three of trafficking in drugs in violation of R.C. 2925.03(A) & (C)(4)(e), a first degree felony; count four of trafficking in drugs in violation of R.C. 2925.03(A) & (C)(4)(d), a second degree felony; and count five of trafficking in drugs in violation of R.C. 2925.03(A) & (C)(4)(d), a second degree felony. (Doc. No. 2).

{¶3} On April 25, 2003, Liles filed a written plea of not guilty to all five counts of the indictment. (Doc. No. 6).

{¶4} On June 24, 2003, Liles appeared before the trial court following a pre-trial and withdrew his previously entered pleas of not guilty and entered pleas of guilty to counts three and four of the indictment pursuant to a written plea agreement. (Doc. Nos. 21-22). The State dismissed counts one, two, and five of the indictment pursuant to the agreement. (Id.). As part of the agreement, the State also agreed to recommend that Liles serve seven (7) years in prison. (Doc. No.

21). The trial court, thereafter, found Liles guilty on counts three and four of the indictment and set the matter for sentencing on August 25, 2003. (June 25, 2008 JE, Doc. No. 22).

**{¶5}** Liles, however, failed to appear for sentencing on August 25, 2003 so a bench warrant was issued for his arrest. (Doc. Nos. 23, 28).

**{¶6}** On March 25, 2004, the trial court sentenced Liles to nine (9) years imprisonment on count three and seven (7) years imprisonment on count four. (Mar. 25, 2004 JE, Doc. No. 30). The trial court further ordered that the term imposed in count four be served consecutive to the term imposed in count three for an aggregate total of sixteen (16) years imprisonment. (Id.). The trial court further ordered that: Liles pay a mandatory fine of $10,000.00 on count three and a mandatory fine of $7,500.00 on count four; Liles pay $1,025.00 in restitution to the Lima Police Department's P.A.C.E. Unit; Liles' driver's license be suspended for five years; and Liles pay all costs of prosecution. (Id.).

**{¶7}** On August 9, 2004, Liles, pro se, filed a delayed notice of appeal, which was assigned appellate case no. 1-04-60. (Doc. Nos. 40-42). This Court overruled the motion for delayed appeal on October 6, 2004.

**{¶8}** On February 7, 2005, Liles filed a second motion for a delayed appeal, which was assigned appellate case no. 1-05-10. (Doc. No. 46). This Court overruled the motion on April 13, 2005.

{¶9}    On February 26, 2010, Liles filed a motion to resentence pursuant to R.C. 2929.191 for lack of proper post-release control notification. (Doc. No. 58). The trial court scheduled a resentencing hearing for March 12, 2010. (Doc. No. 59).

{¶10} On March 11, 2010, Liles filed a motion to withdraw his guilty pleas based upon the trial court's lack of proper post-release control notification and the trial court's imposition of a sixteen-year sentence in his case. (Doc. No. 60).

{¶11} On March 26, 2010, the trial court held a hearing on Liles' motion to withdraw. (Doc. No. 62).   The trial court overruled the motion and then immediately resentenced Liles to the same sixteen-year sentence it had given him previously. (Doc. No. 63).   The trial court also notified Liles of his post-release control supervision. (Id.); (Mar. 26, 2010 Tr. at 14-15).

{¶12} On April 2, 2010, Liles filed a notice of appeal. (Doc. No. 69).  Liles now appeals raising three assignments of error[1] for our review.  We have elected to address Liles' assignments of error out of the order they appear in his brief.

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT BY OVERRULING THE DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA.**

---

[1] Liles' appears to raise other arguments in his brief concerning the sentence he received; however, he has not assigned those issues as separate assignments of error, and we decline to address them. App.R. 12(A)(2); App.R. 16(A).

{¶13} In his first assignment of error, Liles argues that the trial court erred by overruling his motion to withdraw his guilty plea because it did not properly weigh the nine factors outlined in *State v. Griffin* (2001), 141 Ohio App.3d 551, 554, 752 N.E.2d 310.

{¶14} At the hearing, the trial court found that its March 25, 2004 judgment entry of sentence incorrectly advised Liles that he would be subject to "up to" five (5) years of post-release control, which the trial court found rendered the sentence void under Ohio Supreme Court case law. (Mar. 26, 2010 Tr. at 1-2). As such, the trial court determined that Liles' motion to withdraw should be treated as a presentence motion. See *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶9.

{¶15} A defendant may file a pre-sentence motion to withdraw a guilty plea. Crim.R. 32.1. Although a trial court should freely grant such a motion, a defendant does not maintain an absolute right to withdraw his plea prior to sentencing. *State v. Xie* (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists for the withdrawal. Id., at paragraph one of the syllabus.

{¶16} We consider several factors when reviewing a trial court's decision to grant or deny a defendant's presentence motion to withdraw a plea, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation

afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Lane*, 3d Dist. No. 1-10-10, 2010-Ohio-4819, ¶21, citing *Griffin*, 141 Ohio App.3d at 554.

{¶17} Ultimately, it is within the sound discretion of the trial court to determine what circumstances justify granting a presentence motion to withdraw a guilty plea. *Xie*, 62 Ohio St.3d 521, at paragraph two of the syllabus. Therefore, appellate review is limited to whether the trial court abused its discretion. *State v. Nathan* (1995), 99 Ohio App.3d 722, 725, 651 N.E.2d 1044, citing *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. An abuse of discretion connotes more than an error of judgment and implies that the trial court acted unreasonably, arbitrarily, or unconsciously. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.

{¶18} After reviewing the record, we cannot conclude that the trial court abused its discretion by denying Liles' motion to withdraw. The trial court

provided Liles with a full hearing with the opportunity to present evidence or argument on his motion to withdraw, but Liles declined to present testimony or make a statement at the hearing. (Mar. 26, 2010 Tr. at 2-3). Liles asked the trial court to rule upon the motion as filed. (Id. at 3). Before ruling on the motion, the trial court indicated that it have reviewed the file, the change of plea hearing transcript, and the original sentencing hearing transcript. (Id. at 5). With regard to the reasons for which Liles sought to withdraw his plea of guilty, the trial court noted that it had provided Liles with the correct post-release control notification at the change of plea hearing, though it had incorporated the incorrect "up to" notification into its judgment entry of sentence. (Mar. 26, 2010 Tr. at 6); (June 24, 2003 Tr. at 6). With regard to Liles' argument to withdraw his guilty plea because the trial court did not follow the parties' sentencing recommendation, the trial court found that the parties did not have a *stipulated* sentence. (Mar. 26, 2010 Tr. at 6). The trial court also noted that it had specifically informed Liles at the change of plea hearing that *it* would ultimately decide the correct sentence in the case. (Id. at 7); (June 24, 2003 Tr. at 8). The trial court also rejected Liles' ineffective assistance argument, because Liles failed to demonstrate that he would not have pled guilty but for counsel's purported errors. (Mar. 26, 2010 Tr. at 8). The trial court further noted that Liles' motion was seven years after his original

plea, and that it had considered the prejudice to the State, especially the availability of evidence and witnesses. (Id. at 9).

{¶19} Likewise, in its judgment entry, the trial court further noted that it had made an extensive Crim.R. 11 inquiry at the change of plea hearing, and that Liles' motion to withdraw was based upon "bold" assertions unsupported by evidence. (Mar. 26, 2010 JE, Doc. No. 62). The trial court also noted that Liles did not demonstrate that, but for counsel's errors, he would not have pled guilty. (Id.). Aside from all of these things noted by the trial court and supported by the record herein, we note that Liles has not argued any meritorious defense or actual innocence. Since the record herein demonstrates that the trial court considered all the applicable factors for withdrawing the plea and the record supports the trial court's findings in that regard, we find no abuse of the trial court's discretion in its ultimate decision to deny Liles' motion to withdraw.

{¶20} Liles' first assignment of error is, therefore, overruled.

### ASSIGNMENT OF ERROR NO. III

**THE TRIAL COURT COMMITTED ERROR IN THAT THE DEFENDANT'S PLEA WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY.**

{¶21} In his third assignment of error, Liles argues that he did not knowingly enter into a plea agreement, because the trial court completely disregarded the State's sentencing recommendation of seven years.

**{¶22}** Defendants who plead guilty in exchange for a lesser charge or a sentencing recommendation must make their pleas knowingly, voluntarily, and intelligently. *Johnson v. Zerbst* (1938), 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461. "However, it is a well-established tenet in Ohio that a sentencing court is not bound to accept the prosecution's recommended sentence as part of a negotiated plea agreement." *State v. Crable*, 7th Dist. No. 04 BE 17, 2004-Ohio-6812, ¶11, citing *State v. Mayle*, 11th Dist. No.2002-A-0110, 2004-Ohio-2203. A trial court "does not err by imposing a sentence greater than that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the state." *Mayle*, 2004-Ohio-2203, at ¶5, quoting *State v. Hunley*, 12th Dist. No. CA2002-09-076, 2003-Ohio-5539.

**{¶23}** The record herein demonstrates that the trial court informed Liles of the applicable penalties and specifically informed Liles that it, alone, would determine the appropriate sentence in the case. The following dialogue occurred at the change of plea hearing:

> **THE COURT: Now, the State's made a recommendation. I don't know what your position on sentencing is going to be. But I'll do a pre-sentence investigation to look at all of the different factors in this case to decide what the appropriate sentence should be. So, it hasn't been cast in concrete yet what the sentence is going to be. That's going to be up to the Court. Do you understand that?**
> **DEFENDANT: Yes.**

> **THE COURT: Okay. You have no questions about anything we've gone over?**
> **DEFENDANT: No, sir.**

(June 24, 2003 Tr. at 8). The trial court also repeatedly advised Liles that a prison sentence was mandatory. (Id. at 4, 8, 16). Liles also repeatedly denied having any questions and repeatedly stated that he understood the significance of his guilty plea at the change of plea hearing. Under these circumstances, we cannot conclude that Liles' guilty plea was entered unknowingly as he argues. *Crable*, 2004-Ohio-6812, at ¶11, citing *Mayle*, 2004-Ohio-2203.

**{¶24}** Liles' third assignment of error is, therefore, overruled.

## ASSIGNMENT OF ERROR NO. II

**THE DEFENDANT'S TRIAL COUNSEL WAS INEFFECTIVE AS A MATTER OF LAW AND THEREFORE, THE DEFENDANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.**

**{¶25}** In his second assignment of error, Liles argues that he was denied effective assistance of trial counsel because counsel failed to advise him that he faced up to eighteen years of mandatory prison time while representing a negotiated settlement of seven years.

**{¶26}** A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole* (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing *Strickland v.*

*Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance the defendant would not have pled guilty. *Xie*, 62 Ohio St.3d at 524, citing *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.E.2d 203; *Strickland*, 466 U.S. at 687.

{¶27} Liles has failed to establish ineffective assistance of trial counsel. To begin with, the record does not demonstrate Liles' bald assertion that trial counsel failed to advise him that he faced a potential of eighteen years imprisonment. In fact, Liles indicated at the change of plea hearing that he had plenty of time to discuss his guilty plea with trial counsel, and that he was satisfied with trial counsel's representation. (June 24, 2003 Tr. at 13). Furthermore, Liles had notice from the face of the plea agreement that he faced a potential sentence of eighteen years imprisonment. (Doc. No. 21). The trial court also advised Liles that he faced a possible eighteen years imprisonment at the change of plea hearing *before* accepting his plea of guilty. (June 24, 2003 Tr. at 3-4). Aside from that, Liles has failed to argue that he would not have pled guilty but for counsel's deficient or unreasonable service. Additionally, the record demonstrates that Liles failed to appear for his originally scheduled sentencing and later admitted to the trial court at sentencing that he continued to sell drugs while avoiding the court.

(Mar. 25, 2004 Tr. at 21, 24). These actions, which undoubtedly led to Liles' sixteen-year sentence, cannot be attributed to trial counsel who, for his part, was able to negotiate a seven-year sentencing recommendation from the State when Liles was facing eighteen years. Liles has, therefore, failed to establish ineffective assistance of trial counsel.

{¶28} Liles' second assignment of error is, therefore, overruled.

{¶29} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**