[Cite as *State v. Hendrix*, 2012-Ohio-5610.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-05-109 |
| | : | O P I N I O N |
| - vs - | | 12/3/2012 |
| | : | |
| DANIEL LEE HENDRIX, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2009-04-0666

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Daniel Lee Hendrix, #A626-422, London Correctional Institution, P.O. Box 69, London, Ohio 43140, defendant-appellant, pro se

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Daniel Lee Hendrix, appeals from a decision in the Butler County Court of Common Pleas denying his motion to withdraw a guilty plea. For the reasons outlined below, we affirm.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

{¶ 2} In 2009, Hendrix was indicted for operating a vehicle under the influence and failing to stop after an accident. Hendrix pleaded guilty to operating a vehicle under the influence ("OVI") in exchange for merger of the count for failing to stop after an accident. In addition, the plea agreement provided that Hendrix's sentence was to be imposed concurrently with a sentence in case number CR2009-09-1610. The plea agreement also indicated that the maximum prison term that could be imposed on Hendrix was 30 months. Following a sentencing hearing, the trial court sentenced Hendrix to 28 months in prison, of which 60 days were mandatory.

{¶ 3} After serving the mandatory portion of his prison term, Hendrix moved for judicial release. On May 24, 2010, the trial court granted Hendrix's motion for judicial release and sentenced Hendrix to community control for a period of five years. The entry notified Hendrix that a violation of the conditions of community control could result in the imposition of a prison term of 28 months. Eventually, Hendrix violated conditions of his community control, and after a hearing, the trial court revoked Hendrix's community control. In its February 4, 2011 entry, the trial court sentenced Hendrix to 28 months in prison, noting that it was to be served consecutively to the sentence in case number CR2009-09-1610.

{¶ 4} More than a year following the reinstatement of Hendrix's prison term, Hendrix filed a Crim.R. 32.1 motion to withdraw a guilty plea. The trial court denied Hendrix's motion, holding that it was barred by res judicata. Furthermore, the trial court held that Hendrix failed to meet his burden that a manifest miscarriage of justice occurred. The trial court found that the sentence was lawful because Hendrix was properly notified of the maximum sentence at the time of his plea, thus counsel was not defective. Additionally, the trial court found that the lapse in time before filing the Crim.R. 32.1 motion to withdraw a guilty plea constituted unreasonable delay.

{¶ 5} Hendrix now appeals, and asserts two assignment of error for review. Because

they are related, we will address Hendrix's assignments of error together.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED WHEN IT DENIED [HENDRIX'S] MOTION TO WITHDRAW GUILTY PLEA WHEN [HENDRIX] CONCLUSIVELY DEMONSTRATED A MANIFEST INJUSTICE AND EXTRAORDINARY CIRCUMSTANCES WARRANTING RELIEF.

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT ERRED WHEN IT DENIED [HENDRIX'S] MOTION TO WITHDRAW GUILTY PLEA BASED UPON THE RES JUDICATA DOCTRINE.

{¶ 10} Hendrix argues in both of his assignments of error that the trial court erred by not granting his Crim.R. 32.1 motion to withdraw a guilty plea. Hendrix contends that the res judicata doctrine does not apply to a motion to withdraw a guilty plea. Hendrix also argues that his sentence exceeds the maximum penalty under R.C. 2929.14(A)(1). Hendrix further asserts that because his sentence is more than the maximum penalty, his counsel was ineffective for allowing the trial court to sentence him to 28 months in prison. We disagree.

{¶ 11} First we will address Hendrix's contention that res judicata does not apply to a motion to withdraw a guilty plea under Crim.R. 32.1. "It is well established by pertinent Ohio case law that claims submitted in support of a Crim.R. 32.1 motion to withdraw plea that could have been raised on direct appeal, but were not raised in direct appeal, are barred by res judicata." *State v. Madrigal*, 6th Dist. Nos. L-10-1142, L-10-1143, 2011-Ohio-798, ¶ 16; *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604 (1st Dist.); *State v. Helser*, 3rd Dist. No. 1-09-04, 2009-Ohio-3155, ¶ 12; *State v. LaPlante*, 4th Dist. No. 11 CA3215, 2011-Ohio-6675, ¶ 8; *State v. Corradetti*, 5th Dist. No. 2008 CA 00194, 2009-Ohio-1347. In this case, Hendrix was initially sentenced to 28 months in prison, of which 60 days were mandatory, in March 2010. Hendrix's arguments stem from this initial sentence and counsel's performance

at that time. Because these arguments could have been raised in direct appeal, we find that Hendrix's claims are now barred by res judicata.

{¶ 12} When considering the merits of this case, Hendrix's arguments also fail. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court. *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. The good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court. *Id.* Thus, we review a trial court's denial of a motion to withdraw a guilty plea for an abuse of discretion, and we reverse that denial only if it is unreasonable, arbitrary, or unconscionable. *State v. Taylor*, 12th Dist. No. CA2007-12-037, 2009-Ohio-924, ¶ 11.

{¶ 13} A defendant who seeks to withdraw a guilty plea after the imposition of sentence has the burden of establishing the existence of a manifest injustice. *Smith* at paragraph one of the syllabus; Crim.R. 32.1. In general, manifest injustice relates to a "fundamental flaw in the proceedings" that results in a miscarriage of justice or is inconsistent with the demands of due process. *Taylor* at ¶ 12. Under such a standard, a motion seeking to withdraw a guilty plea is granted only in extraordinary cases. *Smith* at 264.

{¶ 14} When the alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the movant must show that (1) his counsel's performance was deficient, and (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. *State v. McMahon*, 12th Dist. No. CA2009-06-008, 2010-Ohio-2055, ¶ 34, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *McMahon* at ¶ 35, citing *Strickland* at 690.

{¶ 15} Hendrix argues that he was subject to a manifest injustice because the only

way his prison sentence could legally exceed 18 months is if he was indicted with specifications. However, this is not the case. While R.C. 2929.14 provides that the maximum penalty for a fourth-degree misdemeanor is 18 months without specifications, Hendrix was indicted and sentenced pursuant to R.C. 4511.19.

{¶ 16} When an offender has previously been convicted of or pleaded guilty to OVI or an equivalent offense on three or four occasions within six years of the charged offense or on five or more occasions within 20 years of the charged offense, under R.C. 4511.19(G)(1)(d)(i), the trial court may properly impose a mandatory prison term of 60 days for an OVI offense. Additionally, R.C. 4511.19(G)(1)(d)(i) provides in part: "If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months * * *."

{¶ 17} Hendrix was indicted for an OVI offense when he had previously been convicted of or pleaded guilty to OVI or an equivalent offense on three or four occasions within six years of the charged offense or on five or more occasions within 20 years of the charged offense. Consequently, Hendrix was properly sentenced to a mandatory prison term of 60 days for the OVI offense. In turn, Hendrix's definite prison term of 28 months was within the permissible range of the statute and in accordance with the law.

{¶ 18} Furthermore, Hendrix argues that his counsel was deficient because he pleaded guilty to an offense where the possible sentence "exceeded the maximum penalty under R.C. 2929.14(A)(4)." Nevertheless, Hendrix's sentence did not exceed the maximum penalty under the law. Additionally, the plea agreement, which Hendrix signed, states that he could be sentenced to a maximum of 30 months in prison. Given that Hendrix's sentence was within the law, we cannot say his counsel was deficient.

{¶ 19} In a footnote, Hendrix asserts that the trial court violated the plea agreement by

ordering his 28-month sentence to be served consecutively to his sentence in case number CR2009-09-1610.[2] The plea agreement provided that Hendrix's sentence in the case at bar would be imposed concurrently with his sentence in case number CR2009-09-1610.

{¶ 20} It is a well-established tenet, however, that a trial court is not bound to accept the prosecution's recommended sentence as part of a negotiated plea agreement. *State v. Mayle*, 11th Dist. No. 2002-A-0110, 2004-Ohio-2203, ¶ 4. A trial court "does not err by imposing a sentence greater than that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the state." *State v. Hunley*, 12th Dist. No. CA2002-09-076, 2003-Ohio-5539, ¶ 16.

{¶ 21} In this case, we are unable to evaluate what the trial court advised Hendrix, because he failed to file any transcript of the proceedings in accordance with App.R. 9(B). Thus, we must presume the validity of the proceedings. *State v. Banks*, 8th Dist. Nos. 83782 and 83783, 2004-Ohio-4478, ¶ 15. As a result, we must find that the trial court adequately forewarned Hendrix of the possibility that his sentence might not comport with the state's recommendation in the plea agreement.

{¶ 22} Accordingly, we find that the trial court did not abuse its discretion in finding Hendrix failed to meet his burden that a manifest miscarriage of justice occurred and denying Hendrix's Crim.R. 32.1 motion to withdraw a guilty plea. Both of Hendrix's assignments of error are overruled.

{¶ 23} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.

---

2. While the original sentencing entry does not provide that Hendrix's sentence in this case was to be served consecutively with case number CR2009-09-1610, Hendrix concedes in his Crim.R. 32.1 motion to withdraw a guilty plea that he was initially sentenced to consecutive terms in these cases. Furthermore, we take judicial notice of the sentencing entry for case number CR2009-09-1610, which provides that Hendrix's sentence in case number CR2009-09-1610 was to be served consecutively to this case, case number CR2009-04-0666.