OPINION
{¶ 1} Defendant-Appellant, Hyme Urbina, appeals the judgment of the Defiance County Court of Common Pleas, denying his motion to withdraw his guilty plea prior to sentencing. On appeal, Urbina asserts that the trial court erred in denying his motion to withdraw his guilty plea prior to sentencing. Finding that the trial court did not abuse its discretion in denying Urbina's motion to withdraw his plea of guilty, we affirm the judgment of the trial court.
 {¶ 2} In July of 2004, a Defiance County Grand Jury indicted Urbina for one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the third degree, and for one count of possession of crack cocaine in violation of R.C. 2925.11(A), (C)(4)(a), a felony of the fourth degree. Urbina pled not guilty to both counts. Subsequently, a trial was scheduled for November 1, 2004.
 {¶ 3} In late October of 2004, Urbina's counsel requested leave to withdraw as counsel due to a potential conflict of interest. The trial court granted the request, appointed new counsel, and vacated the trial date at Urbina's request. Subsequently, the trial was rescheduled for April 21, 2005.
 {¶ 4} In March of 2005, Urbina filed a motion to suppress evidence of the crack cocaine. Subsequently, Urbina moved for a continuance of the trial, which the court granted.
 {¶ 5} On April 21, 2005, the trial court held a hearing on Urbina' s motion to suppress, which it denied. The trial court then rescheduled the trial date for May 9, 2005.
 {¶ 6} On April 29, 2005, Urbina requested a change of counsel, which the trial court granted. Urbina's new counsel moved for a continuance of the trial, which the trial court granted, and the trial court rescheduled the trial date for August 15, 2005.
 {¶ 7} On August 15, 2005, before commencement of the trial, Urbina agreed to change his plea on the count of failure to comply with the order or signal of a police officer from not guilty to guilty in exchange for the dismissal of the count of possession of crack cocaine. The trial court proceeded to conduct a hearing on the change of plea. According to the prosecutor's statement of facts, with which Urbina substantially agreed, the charges arose from an incident that occurred around 2:00 a.m. on June 19, 2004 in Defiance, Ohio. Urbina was pulled over by two police officers traveling in a marked police car after turning twice without signaling. When one of the officers requested Urbina's license, he observed that Urbina's eyes were glassy and bloodshot, and that an odor of an alcoholic beverage was emanating from Urbina. Both officers noticed an open bottle of beer in the vehicle. Urbina was then asked to exit his vehicle in order to perform sobriety tests. At that point, Urbina shifted his vehicle into gear, sped away, ran a stop sign, and nearly struck a pedestrian before finally stopping his vehicle. The pedestrian stated that he had to move his bicycle and himself over the curb area into the grass to avoid being struck by Urbina. (Change of Plea Hearing Tr. pp. 10-12).
 {¶ 8} Also at the plea hearing, the trial court conducted a Crim. R. 11 inquiry and advised Urbina of the implications of his guilty plea. At that point, "[Urbina] stated to the Court that he was satisfied with the services of Counsel and Counsel for the Defendant indicated that he had received full discovery from the State prior to the entry of this plea," and that he "understood the nature of the charge and the possible penalties" of which the trial court had informed him. (Change of Plea Judgment Entry p. 1). Urbina also indicated that "he had received no promises or threats to induce his plea of guilty"; that he "understood the rights he was waiving"; that he made the plea under "his own free will believing the same to be in his own best interest"; that he was not under the influence of drugs; and, that he had no questions about "the nature or effect of his plea or the proceedings." (Change of Plea Judgment Entry pp. 2-3).
 {¶ 9} The trial court accepted Urbina's guilty plea to the count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the third degree. Subsequently, the trial court scheduled a sentencing hearing for October 5, 2005.
 {¶ 10} At the October 5th sentencing hearing, Urbina moved for a continuance until charges in three other, unrelated criminal cases pending against him had been tried. The trial court granted the motion and thereafter rescheduled the sentencing hearing for December 5, 2005.
 {¶ 11} At the December 5th sentencing hearing, Urbina requested a change of counsel. The trial court granted Urbina's request, appointed new counsel, and continued the sentencing hearing. Subsequently, the trial court rescheduled the sentencing hearing for December 19, 2005.
 {¶ 12} At the December 19th sentencing hearing, Urbina moved for a continuance, which the trial court granted. Subsequently, the trial court rescheduled the sentencing hearing for March 14, 2006.
 {¶ 13} Prior to the March 14th sentencing hearing, Urbina moved for another continuance in order to timely subpoena witnesses for a trial on unrelated charges set for the same date, which the trial court granted. Subsequently, the trial court rescheduled the sentencing hearing for April 27, 2006.
 {¶ 14} On April 10, 2006, Urbina moved to withdraw the guilty plea he entered in August of 2005. On April 17, 2006, the trial court held a hearing on Urbina's motion to withdraw his guilty plea. Urbina's counsel urged the trial court to grant the withdrawal of Urbina's guilty plea for three reasons: (1) new evidence had surfaced, namely, contradictory statements from the pedestrian whom Urbina allegedly nearly struck, evidence contradictory to the whereabouts of the police officers, and new witnesses who were standing in the yard near the location where Urbina finally stopped, (2) Urbina's guilty plea was not voluntary because his former counsel pressured him to plead guilty indicating that he would not be much help in the other cases, and (3) Urbina believed he was not guilty of the charge as a felony because none of the aggravating circumstances were present to warrant the increase from a misdemeanor to a felony because he was not fleeing after commission of a felony and did not cause any substantial risk of harm to person or property.[1]
(Motion to Withdraw Hearing Tr. pp. 3-4).
 {¶ 15} Next, the State addressed the trial court in opposition of Urbina's motion to withdraw his guilty plea. The State argued that it had been prepared to commence trial on the day Urbina pled guilty; that it had strong evidence; that the pedestrian was present and set to testify; that Urbina nearly struck the pedestrian; that the pursuing officers were present and set to testify; that the jury was present; that Urbina initiated the discussion which led to the plea agreement; that the trial court conducted a thorough Crim. R. 11 proceeding; that Urbina's plea was voluntary and with the benefit of counsel; and, that before moving to withdraw his guilty plea, Urbina had repeatedly continued sentencing until he was set to go to trial on unrelated charges. (Motion to Withdraw Hearing Tr. pp. 4-5).
 {¶ 16} After the State rested, the following exchange took place:
 The Court: Under the circumstances including the circumstances under which the plea occurred and the-
 Urbina: May I have a word your Honor?
 The Court: You may.
 Urbina: I just want to state that, um, since, um — When I entered that guilty plea, I did have another lawyer. He was a paid lawyer and I did, uh, withdrew (Sic.) for several reasons. Uh, one of them being him pressuring me into, um, entering that guilty plea for the fact that I was dressed and ready to go to trial that day but, um, just simp — The words, and I quote, he would not be much help to me on my pending cases if I did not plead guilty. Um, he did not subpoena any of my witnesses that day. We were — we were clearly not ready to go to trial that day. So, therefore, I — I very much felt pressured to enter that guilty plea and since then, I have withdrew him from my counsel * * *.
 The Court: Which — which lawyer was that? Mr. Benavidez?
 Urbina: Yes sir.
 The Court: After Mr. Borland had been involved and Mr. Hitchcock had been involved and then Mr. Benavidez was involved?
 Urbina: Then I — I — I, uh-
 The Court: The matter had been set for trial multiple, multiple times. I actually recall the extensive Rule 11 inquiry that was conducted. The circumstances indicate to me that it's more of an effort to manipulate the system than anything else. The motion to withdraw the plea is denied.
(Motion to Withdraw Hearing Tr. pp. 5-7). The trial court then proceeded to sentencing.[2]
 {¶ 17} In its subsequent Judgment Entry denying Urbina's motion to withdraw his guilty plea, the trial court stated:
 Defense Counsel made a statement in support of his motion and the State presented oral arguments in opposition to the motion. Thereafter, the Court reviewed the motion filed, and upon due consideration of the arguments presented and upon review of the motion, the Court finds that in consideration of the circumstances, including the circumstances under which the plea occurred, the Defendant was provided an[d] given extensive Crim. R. 11 proceeding with the benefit of Counsel, that his plea was knowingly and voluntarily made, and that Defendant's Motion should therefore be denied.
(Motion to Withdraw Judgment Entry p. 1).
 {¶ 18} It is from this judgment that Urbina appeals, presenting the following assignment of error for our review.
 THE TRIAL COURT ERRED IN REFUSING TO GRANT APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA PRIOR TO SENTENCING.
 {¶ 19} In his sole assignment of error, Urbina contends that the trial court erred in denying his motion to withdraw his guilty plea prior to sentencing. Specifically, Urbina asserts that the trial court failed to give fair consideration to his reasons for withdrawing his guilty plea prior to sentencing.
 {¶ 20} Crim. R. 32.1 governs withdrawal of guilty pleas, providing in pertinent part:
 a motion to withdraw a plea of guilty * * * may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
 {¶ 21} Although Crim. R. 32.1 provides a standard by which post-sentence withdrawals of guilty pleas may be evaluated, i.e. the "manifest injustice" standard, the rule provides no guidelines for a trial court to use when ruling on a pre-sentence motion to withdraw a guilty plea. State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus; State v. Fulk, 3d Dist. No. 15-04-17, 2005-Ohio-2506. However, the Ohio Supreme Court has determined that a motion to withdraw a guilty plea should be "freely allowed and treated with liberality."Xie, 62 Ohio St.3d at 526. Nevertheless, the right to withdraw a guilty plea prior to sentencing is not absolute. Id. Instead, the trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. at paragraph one of the syllabus. In doing so, the trial court must exercise its "sound discretion * * * to determine what circumstances justify granting such a motion." Id. quoting Barker v. U.S. (C.A. 10, 1978), 579 F.2d 1219, 1223
cited in State v. Peterseim (1980), 68 Ohio App.2d 211, 213-14.
 {¶ 22} Thus, a reviewing court will only overturn a trial court's ruling on a pre-sentence motion to withdraw a guilty plea upon a showing that the trial court abused its discretion. Xie, 62 Ohio St.3d at 527
citing State v. Adams (1980), 62 Ohio St.2d 151, 157; State v.Arce, 3d Dist. No. 4-02-03, 2002-Ohio-7014. An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. Adams,62 Ohio St.2d at 157-58; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 23} In reviewing a trial court's determination of a pre-sentence motion to withdraw a guilty plea, appellate courts have developed a non-exhaustive list of factors to consider, including "1) whether the state will be prejudiced by withdrawal; 2) the representation afforded to the defendant by counsel; 3) the extent of the Crim. R. 11 plea hearing; 4) the extent of the hearing on the motion to withdraw; 5) whether the trial court gave full and fair consideration to the motion; 6) whether the timing of the motion was reasonable; 7) the reasons for the motion; 8) whether the defendant understood the nature of the charges and potential sentences; and 9) whether the accused was perhaps not guilty or had a complete defense to the charge." State v.Lewis, 3d Dist. No. 1-02-10, 2002-Ohio-3950, at ¶ 11, citing State v.Lane (2001), 3d Dist. No. 1-01-69; see, also, State v. Griffin (2001),141 Ohio App.3d 551, 554; State v. Fish (1995), 104 Ohio App.3d 236,239; Arce, 2002-Ohio-7014, at ¶ 17.
 {¶ 24} Here, the application of these factors weighs against granting Urbina's motion to withdraw his guilty plea. Specifically, with regard to the first factor, Urbina argues that the State would not be prejudiced by a withdrawal of his guilty plea because it would merely be in the position it would have been absent his guilty plea. We find this argument unpersuasive.
 {¶ 25} Although prejudice to the State is only one factor, it is "an extremely important factor." Fish, 104 Ohio App.3d at 240; see, also,State v. Bonner, 3d Dist. Nos. 4-04-05, 4-04-06, 4-04-07,2004-Ohio-6043, citing State v. Price, 1st Dist. No. C-030262,2003-Ohio-7109, at ¶ 11 ("Prejudice to the state and a long delay in the proceedings are two major considerations weighing in favor of overruling a motion to withdraw a plea of guilty."). Here, the State would be prejudiced if it were required to prepare for trial again. The State's witnesses were present and ready to testify on the day of trial in August of 2005. Also, eight months had elapsed before Urbina moved to withdraw his guilty plea, and the reassembly of the witnesses may be burdensome and costly to the State, as well as to the trial court. See, e.g., State v. Francis, 104 Ohio St.3d 490, 497, 2004-Ohio-6894 ("The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable."); State v. Lambros
(1988), 44 Ohio App.3d 102, paragraph one of the syllabus (in determining whether to grant a pre-sentence motion to withdraw a guilty plea, the court must consider that "(1) the state's witnesses have been released, (2) the prosecutor is engaged in another case, and (3) the court must interrupt and rearrange its calendar to try a case that had been amicably handled.").
 {¶ 26} Moreover, contrary to Urbina's contention that trial had only been set once, the record indicates that the trial court rescheduled the trial date at least three times at Urbina's request. Two of those times the trial court rescheduled the trial date because Urbina discharged his counsel days before trial was to commence, and the other time the trial court rescheduled the trial date because Urbina filed a motion to suppress shortly before the trial. Additionally, Urbina requested that sentencing be delayed four times between the time he entered the guilty plea and the April 2006 sentencing. Thus, we find that the State would be prejudiced by a withdrawal of Urbina's guilty plea.
 {¶ 27} Regarding the fifth factor, Urbina argues that the trial court did not give full and fair consideration to his motion to withdraw his guilty plea. Specifically, Urbina relies on State v. Longo (1982),4 Ohio App.3d 136, to assert that the trial court abused its discretion in concluding that Urbina was manipulating the system because it should have focused solely on the validity of the reasons given for the withdrawal of the guilty plea. Urbina's reliance on Longo is misplaced.
 {¶ 28} In Longo, the defendant agreed to plead no contest to charges of carrying a concealed weapon and petty theft in exchange for dismissal of aggravated robbery and possession of criminal tools charges related to an attempted auto theft. The trial court, however, continued to focus on the auto theft, going so far as to conduct its own investigation into the charges. The trial court sentenced the defendant to one to ten years of imprisonment, despite the fact that he was a first-time offender. The defendant subsequently moved to withdraw his no contest plea, which the trial court denied. In reversing the trial court, the Eighth District found that the trial court abused its discretion and exceeded its authority by basing its decision on conclusions drawn from a charge that was not before the trial court and from evidence that was not on the record. 4 Ohio App.3d at 141.
 {¶ 29} In contrast, here, the trial court clearly indicated that it based its conclusions on the evidence and record before it, including the motion itself, the arguments of both parties, the circumstances of the case, and the circumstances surrounding the change of plea. Additionally, the trial court explicitly stated why Urbina's voluntariness argument failed, finding that he was represented by counsel, received an extensive Crim. R. 11 inquiry, and understood the nature of the charges and possible sentencing.[3]
 {¶ 30} Furthermore, though the trial court did not specifically state the reasons why Urbina's argument about the new evidence failed, a review of the record reveals that Urbina's assertion lacks merit. Despite Urbina's arguments that his motion to withdraw his guilty plea should be granted because the pedestrian who was allegedly nearly struck contradicted himself, the police officers' statements conflicted with the evidence, new witnesses had come forward, and Urbina does not believe his driving caused any harm, Urbina failed to set forth any specific reasons for how these alleged contradictions, new witnesses, and his own self-serving belief would provide him with a meritorious defense. Urbina did not specify how the statements of the pedestrian and the police officers were contradictory, or to what the new witnesses would testify. Also, the record does not indicate whether Urbina made any effort to show that he could not have discovered and produced this evidence with reasonable diligence before he pled guilty. See State v.Van Dyke, 9th Dist. No. 02CA008204, 2003-Ohio-4788 (affirming denial of motion to withdraw guilty plea where defendant failed to specify how alleged new evidence provided meritorious defense, defendant did not file motion to withdraw until three months after he pled guilty, and defendant did not show that he could not have obtained evidence with reasonable diligence prior to pleading guilty); State v. Daniels, 1st Dist. Nos. C-010070, C-010087, 2001-Ohio-8749 (finding that defendant's assertion that new witness who came forth after guilty plea could "probably exonerate" him was pure speculation because the nature of the evidence was undefined).
 {¶ 31} Moreover, the trial court chose to believe that the reasons given for Urbina's motion to withdraw his guilty plea were an attempt to manipulate the system rather than valid reasons. See, e.g., State v.Smith (1977) 49 Ohio St.2d 261, 264 (the good faith, credibility and weight of the movant's assertions in support of a motion to withdraw a guilty plea are matters to be resolved by the trial court and a reviewing court should defer to the trial court).
 {¶ 32} Accordingly, we find that the trial court gave full and fair consideration to Urbina's reasons for his motion to withdraw his guilty plea.
 {¶ 33} Finally, reviewing the remaining factors, we find that the trial court did not abuse its discretion by denying Urbina's motion to withdraw his guilty plea.
 {¶ 34} Accordingly, Urbina's assignment of error is overruled.
 {¶ 35} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 BRYANT, P.J. and SHAW, J., concur.
[1] Normally, an offender who willfully flees a police officer after being signaled to stop commits a first degree misdemeanor. R.C. 2921.331(C)(2). However, the first degree misdemeanor is increased to a third degree felony if the State proves beyond a reasonable doubt that the "offender was fleeing immediately after the commission of a felony," R.C. 2921.331(C)(4), or that the offender's operation of the motor vehicle either proximately caused serious physical harm to persons or property or caused a substantial risk of serious physical harm to persons or property. R.C. 2921.331(C)(5)(a)(i)-(ii). Here, the indictment charged that Urbina caused a substantial risk of serious harm to persons or property.
[2] The trial court sentenced Urbina to four years of imprisonment with credit for fourteen days served, imposed up to three years of post-release control, and ordered forfeiture of any contraband seized during the incident.
[3] We note that, despite Urbina's claims that his former counsel pressured him, Urbina did not assert that he was denied effective assistance of counsel. Indeed, Urbina indicated at the change of plea hearing that he was satisfied with his counsel. Urbina could have called his former counsel to testify on this matter at the hearing on the motion to withdraw, but chose not to do so. See, e.g., State v.Creque (Aug. 30, 1989), 3d Dist. No. 7-87-15, 1989 WL 100135
(appellant's original counsel testified at hearing on motion to withdraw guilty plea).