OPINION *Page 2 
{¶ 1} Defendant-appellant, Paul Leffler (hereinafter "Leffler"), appeals the judgment of the Hardin County Court of Common Pleas denying his motion to withdraw his guilty plea. For the following reasons, we affirm.
 {¶ 2} On February 24, 2006, Leffler was indicted by the Hardin County Grand Jury on eleven counts including: count one of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), (B)(3), a felony of the third degree; counts two, three, four, five, six and nine of contributing to the unruliness or delinquency of a minor, in violation of R.C. 2919.24(A)(2), misdemeanors of the first degree; and counts seven, eight, ten, and eleven of gross sexual imposition, in violation of R.C. 2907.05(A)(1), felonies of the fourth degree. The prosecution subsequently filed a motion to amend the indictment in order to change some of the dates included in the indictment, and the trial court granted the motion.
 {¶ 3} A change of plea hearing was held on May 23, 2007. Leffler pled guilty to counts seven and eight, and pled no contest to counts two and three. The trial court accepted the pleas and found Leffler guilty of counts two, three, seven, and eight. The trial court dismissed counts one, four, five, six, nine, ten, and eleven. (JE 9/20/07, 7-8).
 {¶ 4} On July 17, 2007, the trial court held a sentencing hearing. During the victim's statements at the sentencing hearing, the court recessed and Paul *Page 3 
Leffler's mother was taken by ambulance to the hospital. (Tr. 7/17/07, 8). Thereafter, Leffler requested a continuance. (Id. at 8-9). The trial court heard the rest of the victim's statement, and then granted the continuance. (Id. at 9-12).
 {¶ 5} On July 23, 2007, Leffler filed a motion to withdraw his guilty plea. The trial court held a hearing on the motion on August 28th, and denied the motion on September 11th.
 {¶ 6} On September 19, 2007, the trial court held a sentencing hearing. The trial court sentenced Leffler to fourteen months imprisonment on count seven, fourteen months imprisonment on count eight, thirty days in jail on count two, and thirty days in jail on count three. The trial court ordered the sentences to be served consecutively. In addition, the trial court classified Leffler as a sexually oriented offender.
 {¶ 7} It is from the trial court's denial of his motion to withdraw his guilty plea that Leffler appeals and asserts one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred and abused its discretion by denying Appellant's Motion to Withdraw Pleas.
 {¶ 8} In his sole assignment of error, Leffler argues the trial court abused its discretion in denying his pre-sentence motion to withdraw his pleas. Specifically, Leffler argues that he retained the Cochran Law Firm in California to represent him and he was told that Attorney Rowland worked with the firm and *Page 4 
would be his local liaison. Leffler further argues: it became obvious that Attorney Rowland would be representing him at trial; Attorney Rowland targeted DUI as his primary area of practice; Attorney Rowland had not interviewed witnesses and was not ready for trial; and the State has not demonstrated prejudice if the plea withdrawal was granted. In addition, Leffler argues that even though he understood the charges against him, he was under tremendous stress at the time of his plea.
 {¶ 9} A pre-sentence motion to withdraw a guilty plea should be "`freely allowed and treated with liberality.'" State v. Urbina, 3d Dist. No. 4-06-17, 2006-Ohio-6921, ¶ 21, citing State v. Xie (1992),62 Ohio St.3d 521, 526, 584 N.E.2d 715. However, the right to withdraw a pre-sentence plea is "not absolute" and the trial court "`must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.'" Id., citing Xie, 62 Ohio St.3d at 526.
 {¶ 10} An appellate court reviews a trial court's decision on a motion to withdraw a guilty plea under an abuse of discretion standard. Id. at ¶ 22, citations omitted. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Id., citing State v. Adams (l980), 62 Ohio St.2d 151, 157, and Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. *Page 5 
 {¶ 11} This court has previously stated:
 In reviewing a trial court's determination of a pre-sentence motion to withdraw a guilty plea, appellate court's have developed a non-exhaustive list of factors to consider, including: "1) whether the state will be prejudiced by withdrawal; 2) the representation afforded to the defendant by counsel; 3)the extent of the Crim. R. 11 plea hearing; 4) the extent of the hearing on the motion to withdraw; 5) whether the trial court gave full and fair consideration to the motion; 6) whether the timing of the motion was reasonable; 7) the reasons for the motion; 8) whether the defendant understood the nature of the charges and potential sentences; and 9) whether the accused was perhaps not guilty or had a complete defense to the charge."
Id., quoting State v. Lewis, 3d Dist. No. 1-02-10, 2002-Ohio-3950, ¶ 11, citations omitted.
 {¶ 12} In the present case, Leffler's motion to withdraw his pleas was made after the initial sentencing hearing, but before the trial court actually sentenced him. Thus, Leffler's motion was filed within a reasonable time.
 {¶ 13} At the hearing on the motion to withdraw his pleas, Leffler testified that he had retained the Cochran Law Firm out of California. (Tr. 8/28/07 at 13). Leffler testified that he did not have confidence in the advice provided by Attorney Rowland and that he did not believe that his attorney was prepared to go to trial. (Id. at 14). However, Attorney Rowland filed numerous motions on Leffler's behalf including in part: motion to compel production of exculpatory material, request for discovery and bill of particulars, motion to preserve evidence, motion to modify bond, continuance of the trial date, affirmative defense, request *Page 6 
for a competency hearing, motion to compel, motion to sever trial, motion for specific discovery, motion to compel production of witnesses, disclosure of witness and request for reciprocal discovery, and motion to dismiss. (Docs. 18-20, 22, 26, 35, 38-40, 50, 52, 79, 103). In addition, during the change of plea hearing, Leffler answered in the affirmative when asked by the trial court whether he was satisfied with his attorney's advice and competence. (Tr. 5/23/07 at 14).
 {¶ 14} Although Leffler argues that Attorney Rowland was not ready for trial, there is evidence in the record to the contrary. Attorney Rowland testified that he was in fact prepared for trial on May 21st. (Tr. 8/28/07, 47). In addition, although Leffler argues that Attorney Rowland had not interviewed witnesses, the record contains Attorney Rowland's disclosure of twenty-seven witnesses for trial. (Doc. 79).
 {¶ 15} Even though Attorney Rowland testified that his blog, websites, and My Space page state that he has dedicated his practice to representing accused drunk drivers, he also testified that he has been practicing since 1995, he has handled thousands of criminal cases, and that he has handled sexual crimes cases throughout his career. (Tr. 8/28/08, at 39-40, 50). As a result, the record indicates that Leffler was provided adequate representation and his attorney was prepared for trial. *Page 7 
 {¶ 16} At the hearing on the motion to withdraw Leffler's plea, the prosecution presented the testimony of David Kevin Holbrook, a detective, at the Hardin County Prosecutor's Office, who testified that two witnesses involved with this case live in Alabama. (Id. at 57-58). Holbrook testified that they are crucial foundation witnesses, that they had appeared for the last trial, and that there was no guarantee that they would appear for any future hearing. (Id. at 58-59). On cross-examination, Holbrook testified that there was no indication that the two witnesses would not cooperate. (Id. at 59). In addition, given the nature of the crimes, the victims would suffer if they would be required to testify at trial. Accordingly, the prosecution may suffer some prejudice if Leffler's motion to withdraw his pleas is allowed.
 {¶ 17} In addition, the trial court held a hearing on the motion to withdraw, and Leffler presented witnesses at that hearing. Leffler argues that the trial court did not fairly consider the merits of his motion because the trial court "questioned the genuineness of Mr.Leffler's mother collapsing in the courtroom" and considered Leffler's "desire to withdraw his plea as a tactic designed to delay the proceedings." (Appellant's brief, 15). However, the record reveals that the trial court merely said "if this was a staged happening" when referring to the collapsing and further that he "was not going to get by with it another time." (Tr. 7/17/07). The trial court's statements were a mere warning to the defendant that it would not *Page 8 
allow further delays in sentencing. The trial court's statements do not show that the trial court failed to fairly consider Leffler's motion to withdraw.
 {¶ 18} Although Leffler claims that he has defenses, at the change of plea hearing the trial court asked him whether the prosecutor's recitation of the facts was an accurate version of his involvement and Leffler answered in the affirmative. (Id. 6-13).
 {¶ 19} While Leffler was undoubtedly under stress at the time that he entered his pleas, it is not unusual for a criminal defendant to be under a great deal of stress when they enter a plea to criminal charges. While Leffler was released from the hospital the night before he pled to the charges, Leffler acknowledges that he understood the charges against him. (Tr. 8/28/07 at 21; Appellant's brief, 13). Leffler acknowledges that the trial court conducted the required Crim. R. 11 colloquy. During his change of plea hearing, Leffler was informed of the maximum penalties he faced under each charge and that his sentences could be served consecutively. (Tr.5/23/07, 14-16). Thus, the record of the change of plea hearing clearly indicates that Leffler was aware of the potential penalties he faced when he entered his pleas.
 {¶ 20} After reviewing the record, we find that the trial court did not abuse its discretion when it denied Leffler's motion to withdraw his pleas.
 {¶ 21} Leffler's sole assignment of error is, therefore, overruled. *Page 9 
 {¶ 22} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J., and ROGERS, J., concur. *Page 1