[Cite as *State v. Castillo*, 2011-Ohio-3131.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 14-10-36

    v.

RUBEN J. CASTILLO II.,             O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 2009 CR 0186

Judgment Affirmed

Date of Decision: June 27, 2011

APPEARANCES:

    *J.C. Ratliff and Jon L. Jensen* for Appellant

    *David W. Phillips* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Ruben J. Castillo II (hereinafter "Castillo"), appeals the judgment of the Union County Court of Common Pleas denying his pre-sentence motion to withdraw his guilty plea. For the reasons that follow, we affirm.

{¶2} On October 23, 2009, the Union County Grand Jury returned an indictment against Castillo charging him with two counts of Vehicular Assault in violation of R.C. 2903.08(A)(2)(b), both felonies of the fourth degree. A warrant was issued for Castillo's arrest, and the matter was scheduled for arraignment on November 12, 2009. Subsequently, Castillo appeared for arraignment and entered pleas of not guilty to the charges in the indictment.

{¶3} On November 18, 2009, the State filed its Bill of Particulars and notice of service of discovery. On November 23, 2009, Attorney Gary Andorka filed his notice of appearance as counsel for Castillo and also filed his demand for discovery and a public records request.

{¶4} Thereafter, on December 17, 2009, defense counsel filed a motion in limine to exclude the testimony of the accident reconstructionist, a motion in limine to exclude use of prejudicial terms, and Castillo's response to the State's demand for discovery identifying Castillo and his passenger, Donna Castillo, as witnesses. The matter was set for hearing on February 16, 2010. On February 12,

2010, the State filed its memorandum contra to Castillo's motions, and on February 16, 2010, the trial court scheduled the matter for another scheduling conference for March 10, 2010.

{¶5} On March 12, 2010, the trial court scheduled the case for a final pretrial conference on June 4, 2010, and a jury trial on June 14-15, 2010. On March 23, 2010, Castillo filed a motion in limine to exclude cellular telephone video and voice recordings. On March 29, 2010, the State filed a motion requesting to continue the jury trial as a witness was scheduled to be out-of-state during the trial dates. The State also filed a memorandum contra to Castillo's motion in limine.

{¶6} On April 1, 2010, the trial court granted the State's motion for a continuance and rescheduled the jury trial for June 29-30, 2010, and rescheduled the final pretrial conference for June 22, 2010. On June 17, 2010, the State filed proposed jury instructions with the trial court.

{¶7} On June 24, 2010, Castillo, through counsel, filed motions with the trial court to allow counsel to withdraw and to continue the jury trial scheduled for June 29, 2010 on the basis that Castillo was dissatisfied with his counsel's representation. On June 25, 2010, the State filed a memorandum in opposition to Castillo's request for a continuance. On June 25, 2010, a hearing was held on

Castillo's motion, and subsequently the trial court denied Castillo's request to allow counsel to withdraw and his request for a continuance.

{¶8} On June 28, 2010, Castillo filed a second motion for continuance on the basis that he had just come into possession of potentially exculpatory evidence that the State had previously failed to provide defense counsel. A telephone conference was held with counsel and, as a result, Castillo's second motion for a continuance was denied.

{¶9} On June 28, 2010, Castillo appeared before the trial court and entered a plea of guilty to both counts of vehicular assault. The trial court accepted Castillo's guilty plea and ordered a pre-sentence investigation be conducted. On June 30, 2010, the trial court issued its order accepting Castillo's guilty pleas and scheduled the case for sentencing on August 17, 2010.

{¶10} On July 14, 2010, Castillo, through newly retained counsel, filed a motion to withdraw his plea of guilty and an affidavit in support. On July 15, 2010, the State filed a memorandum in opposition to Castillo's motion. On September 3, 2010, Castillo filed a supplemental memorandum in support of his motion to withdraw his guilty plea.

{¶11} The matter came on for a hearing on September 7, 2010, and only Castillo testified on his behalf at the hearing. Subsequently, on September 21,

2010, the trial court issued its order denying Castillo's motion to withdraw his guilty plea and scheduled the matter for sentencing.

{¶12} On December 21, 2010, the trial court sentenced Castillo to fourteen (14) months in prison on count one and fourteen (14) months in prison on count two; the sentences were ordered to run consecutively, for a total of twenty-eight (28) months. The trial court also suspended Castillo's driver's license for a period of five (5) years and ordered Castillo to pay restitution.

{¶13} Castillo now appeals and raises one assignment of error for our review.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT'S PRESENTENCE MOTION TO WITHDRAW HIS PLEA OF GUILTY WHEN ITS ORDER WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE.**

{¶14} In his only assignment of error, Castillo argues that the trial court erred and abused its discretion when it denied his pre-sentence motion to withdraw his guilty plea.

{¶15} A defendant may file a pre-sentence motion to withdraw a guilty plea. Crim.R. 32.1. Although a trial court should freely grant such a motion, a defendant does not maintain an absolute right to withdraw his plea prior to sentencing. *State v. Xie* (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. Instead,

a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists for the withdrawal. Id., at paragraph one of the syllabus.

{¶16} We consider several factors when reviewing a trial court's decision to grant or deny a defendant's pre-sentence motion to withdraw a plea, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Lane*, 3d Dist. No. 1-10-10, 2010-Ohio-4819, ¶21, citing *State v. Griffin* (2001), 141 Ohio App.3d 551, 554, 752 N.E.2d 310. See, also, *State v. Liles*, 3d Dist. No. 1-10-28, 2010-Ohio-5799, ¶¶15-17.

{¶17} Ultimately, it is within the sound discretion of the trial court to determine what circumstances justify granting a pre-sentence motion to withdraw a guilty plea. *Xie*, 62 Ohio St.3d 521, at paragraph two of the syllabus. Therefore, appellate review is limited to whether the trial court abused its discretion. *State v. Nathan* (1995), 99 Ohio App.3d 722, 725, 651 N.E.2d 1044, citing *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. An abuse of discretion connotes

more than an error of judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.

{¶18} On appeal, Castillo claims that the trial court abused its discretion in denying his pre-sentence motion to withdraw his guilty plea when (1) there was no evidence that the State would have been prejudiced, (2) he was not represented by competent trial counsel, and (3) he had presented evidence that he was either innocent or had a meritorious defense.

{¶19} Upon examination of these factors, we first note that in the instant case there does not appear to be any prejudice to the State. The trial court found that the State would be prejudiced because it would have to "scramble, several months after believing the matter was at an end for all intents and purposes, to reconstruct [its] file and prepare for trial." (Sept. 21, 2010 JE at 5-6). However, several months had not passed, and in fact, as the trial court later acknowledged, there was no unreasonable delay in filing the motion since Castillo filed his motion only twelve business days after entering his plea. In addition, at the hearing on Castillo's motion, the prosecutor never explicitly stated that the State would be prejudiced. Rather, at the hearing the prosecutor said that he had not yet contacted all of his witnesses; and while he knew of one witness that had moved to

another city, he could not even represent to the court at that time whether they would be able to locate him or not for purposes of trial. (Sept. 7, 2010 Tr. at 43). Thus, we cannot say that there has been a demonstration of prejudice to the State.

{¶20} Nevertheless, an examination of the remaining factors supports the trial court's decision to deny the motion to withdraw the guilty plea. The trial court conducted an extensive Crim.R. 11 hearing and hearing on Castillo's motion to withdraw his guilty plea. At the change of plea hearing, the trial court conducted a thorough colloquy with Castillo, and informed him of all of the rights he was giving up by pleading guilty to the charges as required by Crim.R. 11. The trial court informed Castillo that he was waiving his right to a jury trial, the right to confront witnesses against him, the right to subpoena witnesses to appear on his behalf, the privilege against self-incrimination, and the right to have the prosecutor prove all elements of the offense beyond a reasonable doubt. (June 28, 2010 Tr. at 14-16). See *State v. Ballard* (1981), 66 Ohio St.2d 473, 479-81, 423 N.E.2d 115. In addition, given the fact that Castillo had filed a motion to have his trial counsel withdraw from the case, the trial court inquired of Castillo regarding his trial counsel in order to make sure that Castillo was voluntarily entering his plea:

> **THE COURT: Now, there's been issues with regard to your making allegations about your lawyer in this case and wanting to discharge your lawyer as late as last week. Have you had enough time to consult with your lawyer before proceeding this afternoon?**

> **DEFENDANT: To the best of our ability, sir. Yes.**
> **THE COURT: Has he talked to you about this and answered all of your questions?**
> **DEFENDANT: Yes.**
> **THE COURT: Are you satisfied with his advice and counsel relative to this plea agreement that you're entering into, and the entry withdrawing [sic] plea of not guilty that you're proposing?**
> **DEFENDANT: Yes, sir.**
> **\*\*\***
> **THE COURT: Do you have any questions of the court before we proceed further?**
> **DEFENDANT: No, your Honor.**
> **THE COURT: Want to speak with your lawyer before we go any further?**
> **DEFENDANT: If I could for just a moment.**
> **(The defendant spoke with Mr. Andorka)**
> **I'm fine, your Honor.**
> **THE COURT: Have you had enough time to think about this important decision?**
> **DEFENDANT: Yes.**
> **THE COURT: Are you certain that you want to proceed today to change your plea?**
> **DEFENDANT: Yes, your Honor.**

(June 28, 2010 Tr. at 7, 16). Even despite Castillo's prior concerns, Castillo clearly indicated on the record that he was satisfied with the advice he had received from his trial counsel and wished to change his plea to guilty.

**{¶21}** In addition, the record also illustrates that Castillo understood the nature of the charges and possible penalties. Castillo stated at the change of plea hearing that he had read and understood the plea agreement and had discussed the same with his counsel prior to initialing and signing the plea agreement. (June 28, 2010 Tr. at 7). Castillo stated that he was satisfied with his trial counsel's advice

regarding the plea agreement. (Id.). In addition, Castillo stated that he understood the nature of the charges, the allegations contained in the indictment relating to the charges, the potential sentences he faced on each of the charges, the fact that his sentences could run concurrently or consecutively, the possibility of judicial release, and the terms and conditions of post-release control. (Id. at 8-11). After the end of the plea colloquy, the trial court asked Castillo if he had any questions of the trial court, to which Castillo replied, "[n]o, your Honor." (Id. at 16). Castillo was also given an opportunity to speak to his lawyer, and did so, after which time, he indicated that he was fine. (Id.). The trial court specifically inquired about whether Castillo had had enough time to think about the important decision, and Castillo replied "[y]es" and that he wished to proceed and change his plea to guilty. (Id.). Thereafter, the State provided the trial court with an extensive statement of the facts. (Id. at 16-17). When asked whether he agreed that he had committed the acts as alleged in the statement of facts, Castillo replied "[y]es, your Honor." (Id. at 17-18). Then, Castillo entered pleas of guilty as to each of the charges in the indictment. (Id. at 18).

{¶22} The record also demonstrates that the hearing on the motion to withdraw the guilty plea was extensive. The trial court permitted Castillo to testify on his own behalf and heard arguments from both sides regarding the motion. While Castillo did testify at the hearing, he did not present any other

witnesses nor did he introduce any documentary evidence in support of his motion. In particular, Castillo did not even introduce the copy of the full accident report, which he claimed contained "exculpatory" evidence and which he claimed could prove his innocence. Nevertheless, in addition to giving Castillo the opportunity to present evidence, the trial court also inquired about the availability of witnesses and whether there would be any prejudice in permitting the withdrawal. (Sept. 7, 2010 Tr. at 43).

{¶23} Furthermore, it is clear that the trial court gave full consideration to Castillo's stated reasons for his request. In a lengthy and well-reasoned journal entry, the trial court analyzed, and in great detail discussed, the fact that Castillo had not demonstrated a reasonable and legitimate basis for his withdrawal. (Sept. 21, 2010 JE at 5-18). In particular, the trial court noted that Castillo's main reason for his request centered on the alleged ineffective assistance of his trial counsel. (Id. at 11). After considering Castillo's arguments, the record, and the applicable law, the trial court ultimately concluded that Castillo had failed to show how his trial counsel had been deficient and how there was a reasonable probability that he would not have pled guilty but for his trial counsel's purported deficiencies. (Id. at 12-15).

{¶24} Specifically, with respect to Castillo's claim that he had been denied effective assistance of counsel, we note that a defendant asserting a claim of

ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole* (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶25} To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance the defendant would not have pled guilty. *State v. Xie* (1992), 62 Ohio St.3d 521, 524, 584 N.E.2d 715, citing *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.E.2d 203; *Strickland*, 466 U.S. at 687.

{¶26} On appeal, Castillo's basis for his claim of ineffective assistance of counsel is that his attorney allegedly did not have a complete copy of the accident report and was not fully prepared for trial. Castillo asserts that this report was "exculpatory" and "proved his innocence" because the trooper writing the report did not check any of the boxes for things like recklessness, speeding or aggressive driving.

{¶27} At the hearing on the motion to withdraw, Castillo testified that he had found the complete accident report online on his own accord and *believed* that his trial counsel did not have a copy of the full report. (Sept. 7, 2010 Tr. at 10-11)

(emphasis added). Castillo further testified that he had given his trial counsel a copy of the full report the day before trial, and that his trial counsel subsequently filed a motion to continue, but that the motion was denied by the trial court. (Id.). Castillo testified that, as a result, he felt that "[he] was backed into a corner * * * [and] had to sign a plea." (Id.). However, after reviewing the record, we find that Castillo has failed to demonstrate how his trial counsel was ineffective.

{¶28} First of all, Castillo has failed to show how his trial counsel's performance was deficient. According to his testimony at the hearing, Castillo only believed that his trial counsel did not have the full report since Castillo had discovered this report on his own; however, he could not say for sure whether his trial counsel had a copy of the full accident report or not. In either case, the only evidence Castillo can point to in support of his argument is his own self-serving testimony at the hearing on his motion. Yet, even the credibility of his testimony is questionable since Castillo admitted that he lied under oath at the change of plea hearing. (Sept. 7, 2010 Tr. at 21).

{¶29} Castillo has also failed to show a reasonable probability that he would not have pled guilty but for his trial counsel's alleged deficient performance. Castillo admitted at the hearing on his motion that he had had a copy of the full accident report, which Castillo claimed "proved his innocence," *prior to* entering his plea of guilty. Thus, we cannot see how this full accident

report would have made any difference in his decision since clearly Castillo decided to plead guilty even though he already had a copy of this report.

{¶30} Furthermore, despite Castillo's claim that his trial counsel was not "competent," the record shows that during the Crim.R. 11 colloquy, the trial court asked Castillo whether he was satisfied with his trial counsel's advice and representation, to which Castillo replied "[y]es, your Honor." The trial court even specifically inquired about Castillo's prior concerns with his trial counsel, but again, Castillo said that he was satisfied with his trial counsel's advice and representation.

{¶31} Finally, in denying Castillo's motion, the trial court noted that Castillo's trial counsel was well-experienced and had aggressively defended Castillo throughout the proceedings. For example, Castillo's trial counsel filed several motions in limine, and at the hearing on the motions, the trial court stated that Castillo's trial counsel had competently challenged the investigation and opinions of the State's expert.

{¶32} Overall, not only did Castillo not know for sure whether his trial counsel had a copy of the full accident report or not, but the fact remains that Castillo admitted that he and his trial counsel had a copy of the full accident report *prior* to him entering pleas of guilty to the charges of vehicular assault. In addition, all Castillo has offered in support of his position is his self-serving

testimony and bald assertions. Therefore, we find that the trial court did not abuse its discretion when it found that Castillo had failed to demonstrate his trial counsel was ineffective, incompetent, and not fully prepared for trial.

{¶33} Lastly, Castillo claims that he has a meritorious defense to the charges of vehicular assault. We note that Castillo has never disputed the fact that he was the person operating the vehicle on the night in question. Castillo argues that he did not act recklessly the night of the incident. In support of his position, Castillo points to the fact that he was not under the influence of drugs or alcohol and he was not speeding or driving in an unsafe rate of speed, all of which he claims were corroborated by the full accident report.

{¶34} First of all, the fact that Castillo might not have been speeding or was not under the influence of drugs or alcohol does not mean that Castillo did not act recklessly that night. A person acts reckless when "with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result." R.C. 2901.22(C). Addressing a similar argument regarding a similar set of facts, the Seventh District Court of Appeals noted the following:

> **[T]he fact that a person is driving under the speed limit does not mean that the person is not driving recklessly. Speed limits permit a driver to operate their car up to a certain speed, however, that does not mean in all conditions it is safe to travel at the speed limit. For example, the speed on many highways is**

> **65 mph and it is safe to travel at that speed when the road conditions are good. However, during a winter storm that causes the roads to be extremely icy, it is not safe to travel 65 mph. If a person does decide to travel at that speed, even though they are *continually* sliding across the road, and causes an accident, they may be acting with heedless indifference to a known risk.**

*State v. Monigold*, 7th Dist. No. 03 CO 25, 2004-Ohio-1554, ¶15 (emphasis in original).

{¶35} Here the record shows that the roads on the day of the accident were covered with ice and snow. Moreover, the record demonstrates that, while attempting to pass the two vehicles in front of him in a *no passing zone*, Castillo lost control of his vehicle, went left of center, and struck an on-coming vehicle, significantly injuring two women in that on-coming vehicle. Based on this evidence, we believe that it was reasonable for the trial court to conclude that there was overwhelming evidence that Castillo had acted recklessly that night.

{¶36} In addition, we believe that it was also reasonable for the trial court to conclude that Castillo had failed to demonstrate that he had a meritorious defense. Besides Castillo's testimony at the hearing on his motion, which as we stated above was self-serving and untrustworthy, Castillo did not provide the trial court with any other evidence to support his claims of innocence or establish a meritorious defense. *State v. Richey*, 6th Dist. No. S-09-028, 2011-Ohio-280, ¶63, citing *State v. Scott*, 6th Dist. No. S-05-035, 2006-Ohio-3875, ¶13. Significantly,

Castillo did not even introduce the copy of the full accident report, which Castillo adamantly asserted contained "exculpatory" evidence that "proved his innocence."

**{¶37}** Overall, based on all of the above, we find that the trial court did not abuse its discretion in denying Castillo's pre-sentence motion to withdraw his guilty plea.

**{¶38}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS, P.J. and SHAW, J., concur.**

**/jlr**