[Cite as *State v. Shelton*, 2011-Ohio-4893.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,          CASE NO.  13-11-07

     v.

ABBY K. SHELTON,

                                 **O P I N I O N**

     DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 10 CR 0134

Judgment Affirmed

Date of Decision:  September 26, 2011

APPEARANCES:

    *Shane M. Leuthold*  for Appellant

    *Derek W. DeVine and Rhonda L. Best*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Abby K. Shelton (hereinafter "Shelton"), appeals the Seneca County Court of Common Pleas' denial of her pre-sentence Crim.R. 32.1 motion to withdraw her guilty plea. For the reasons that follow, we affirm.

{¶2} On July 10, 2010, the Seneca County Grand Jury indicted Shelton on one count of drug trafficking in violation of R.C. 2925.03(A)(1), (C)(4)(a), a fifth degree felony. (Doc. No. 1). The indictment also contained a specification seeking forfeiture of a green Oldsmobile SUV, which Shelton allegedly used in the commission of the offense. (Id.).

{¶3} On August 18, 2010, Shelton was arraigned and entered a plea of not guilty to the indictment. (Doc. No. 13).

{¶4} A jury trial was scheduled for December 16-17, 2010; however, Shelton changed her plea to guilty the day of the scheduled jury trial pursuant to a written plea agreement. (Doc. Nos. 16, 27-28). The trial court ordered a pre-sentence investigation report (PSI) and scheduled sentencing for February 4, 2011. (Doc. Nos. 28-29).

{¶5} On February 4, 2011, just ten (10) minutes prior to the scheduled sentencing, Shelton filed a motion to withdraw her guilty plea pursuant to Crim.R. 32.1. (Doc. No. 30); (Feb. 15, 2011 Tr. at 58). On February 15, 2011, the trial

court held a hearing on the motion and denied the motion at the end of the hearing. (Doc. Nos. 33); (Feb. 15, 2011 Tr. at 59).

{¶6} On February 28, 2011, the trial court dismissed the forfeiture specification in the indictment upon the State's motion and as agreed to in the plea agreement. (Doc. Nos. 27, 43-44). On that same day, the trial court sentenced Shelton to three (3) years of community control. (Feb. 28, 2011 JE, Doc. No. 45).

{¶7} On March 4, 2011, Shelton filed a notice of appeal. (Doc. No. 46). Shelton now appeals raising one assignment of error for our review.

**ASSIGNMENT OF ERROR**

**TRIAL COURT ERRED BY DENYING APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW HER GUILTY PLEA.**

{¶8} In her sole assignment of error, Shelton argues that the trial court erred by denying her pre-sentence motion to withdraw her guilty plea. We disagree.

{¶9} A defendant may file a pre-sentence motion to withdraw a guilty plea. Crim.R. 32.1. Although a trial court should freely grant such a motion, a defendant does not maintain an absolute right to withdraw his plea prior to sentencing. *State v. Xie* (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists for the withdrawal. Id., at paragraph one of the syllabus.

{¶10} We consider several factors when reviewing a trial court's decision to grant or deny a defendant's pre-sentence motion to withdraw a plea, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 hearing; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Lane*, 3d Dist. No. 1-10-10, 2010-Ohio-4819, ¶21, citing *State v. Griffin* (2001), 141 Ohio App.3d 551, 554, 752 N.E.2d 310. See, also, *State v. Liles*, 3d Dist. No. 1-10-28, 2010-Ohio-5799, ¶16; *State v. Castillo*, 3d Dist. No. 14-10-36, 2011-Ohio-3131, ¶16.

{¶11} Ultimately, it is within the sound discretion of the trial court to determine what circumstances justify granting a pre-sentence motion to withdraw a guilty plea. *Xie*, 62 Ohio St.3d 521, at paragraph two of the syllabus. Therefore, appellate review is limited to whether the trial court abused its discretion. *State v. Nathan* (1995), 99 Ohio App.3d 722, 725, 651 N.E.2d 1044, citing *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. An abuse of discretion connotes more than an error of judgment and implies that the trial court acted unreasonably,

arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.

{¶12} Upon review of the record herein, we conclude that the trial court did not abuse its discretion by denying Shelton's pre-sentence motion to withdraw. The trial court held an extensive hearing on Shelton's motion to withdraw, and the trial court fully considered the applicable *Griffin* factors, identified as relevant by this Court in *State v. Urbina*, 3d Dist. No. 4-06-17, 2006-Ohio-6921, *State v. Lewis*, 3d Dist. No. 1-02-10, 2002-Ohio-3950, and *State v. Leffler*, 3d Dist. No.6-07-22, 2008-Ohio-3057. (Feb. 15, 2011 Tr. at 56). Shelton filed her motion to withdraw ten (10) minutes before the scheduled sentencing hearing and fifty (50) days after her guilty plea. (Feb. 15, 2010 Tr. at 58); (Doc. Nos. 27, 30). The trial court found that the timing of the motion was unreasonable and caused some prejudice to the State since subpoenas had previously been issued, jurors had been previously summoned, and an out-of-county expert witness was previously scheduled to be present at trial. (Feb. 15, 2011 Tr. at 57). We agree with the trial court that the State suffered some measure of prejudice in this case, and the timing of Shelton's motion was unreasonable. The trial court also found that Shelton was represented by "very adequate and very experienced trial counsel." (Id.). We have no reason to doubt the trial court's finding in this regard.

**{¶13}** In support of her motion, Shelton asserted that, "both by the circumstances of her personal life, to wit, Defendant Shelton has three minor children to take care of, and also by fear of going to state prison" pressured her to plead guilty. (Doc. No. 30). Shelton also asserted that she is currently enrolled in college courses to become a nurse or nurse's aide, and a felony conviction would make those efforts futile. (Id.). At the hearing, Shelton testified that she felt pressured by her children, family members, and mostly her attorney to accept the negotiated plea agreement despite her innocence. (Feb. 15, 2011 Tr. at 7). Shelton presented no other evidence in support of her motion to withdraw. We find suspect Shelton's assertion that her desire to be home for Christmas pressured her to plead guilty when the record indicates that she plead guilty on December 16, 2010, and the trial court ordered a PSI be completed before sentencing. (Doc. No. 28); (Feb. 15, 2011 Tr. at 44). The sentencing hearing was, in fact, later scheduled for February 4, 2011. (Doc. No. 29).

**{¶14}** With respect to the Crim.R. 11 colloquy, we must first presume regularity since Shelton has failed to provide this Court with a transcript of the change of plea hearing as required by App.R. 9(B). *State v. Grier*, 3d Dist. No. 3-10-09, 2011-Ohio-902, ¶11, citations omitted. Second, the trial court indicated that it had conducted a Crim.R. 11 colloquy before Shelton changed her plea. (Feb. 15, 2011 Tr. at 58). Third, Detective Armstrong, who was present during the

change of plea hearing, testified that the trial court conducted an extensive change of plea hearing. (Feb. 15, 2011 Tr. at 19-20). Armstrong testified that the trial court: explained the nature of the charge and the maximum penalties involved to Shelton; asked Shelton whether she had been threatened or promised anything to induce her change of plea; and asked Shelton whether her plea was entered voluntarily. (Id.).

{¶15} The record further indicates that Shelton understood the nature of the charges and potential sentences. To begin with, Shelton signed a written plea agreement which outlined the nature of the charges and the potential sentences. (Doc. No. 27); (Feb. 15, 2011 Tr. at 11). Shelton admitted at the motion hearing that the trial court reviewed the plea agreement with her during the December 16, 2010 change of plea hearing. (Feb. 15, 2011 Tr. at 9-11). As previously mentioned, Armstrong testified that the trial court explained the nature of the charges and the maximum penalties involved to Shelton at the change of plea hearing. (Id. at 19-20). At the hearing, Shelton's trial counsel indicated that he thought Shelton was competent at the time she changed her plea and was able to understand her change of plea. (Id. at 42).

{¶16} Finally, the record fails to demonstrate that Shelton was not guilty or had a complete defense to the crime. Armstrong testified that he worked with a confidential informant (CI) to purchase $150 worth of crack cocaine from Shelton.

(Id. at 13). Armstrong further testified that he searched the CI prior to the controlled purchase, and the CI did not have any drugs or money on his person. (Id. at 14). Armstrong placed an audio transmitting device upon the CI, and he provided the CI with $150 to make the drug purchase. (Id. at 14-15). Armstrong testified that he dropped off the CI near a Circle K gas station where the CI entered Shelton's vehicle. (Id. at 15). Shelton was the only person in the vehicle besides the CI. (Id. at 16). Armstrong testified that the CI and Shelton had a brief discussion about the drugs while in the car; afterwards, the CI left Shelton's vehicle and walked along the road where Armstrong could monitor him until he was picked up. (Id. at 16-17). Armstrong testified that, when he picked up the CI, the CI turned over the drugs he purchased from Shelton. (Id. at 17). The drugs were subsequently sent to BCI & I where they tested positive for cocaine. (Id.).

{¶17} On cross-examination, Armstrong testified that he was with the CI before the controlled purchase when the CI called Shelton seeking an "8-ball of cocaine." (Id. at 24). Armstrong testified that he recognized that Shelton and the CI were talking about the drugs during the controlled purchase based upon this prior conversation he overheard between the CI and Shelton, even though neither one of them specifically mentioned the word "drugs" or "cocaine" during the controlled purchase. (Id. at 21-22, 24, 26-27). On re-direct, Armstrong testified

that, during the controlled purchase, the CI asked Shelton something to the effect of: "this is the stuff and it's – it's good, right?" (Id. at 27).

{¶18} Shelton testified that the CI gave her the money because he owed her $35 for babysitting his daughter on several occasions. (Id. at 32-35). According to Shelton, the CI handed her a $50 bill, and she did not have change, so she went into the gas station to break the bill and give the CI back his $15 in change. (Id. at 33-35). Shelton testified that it was light outside when she met the CI, but it was dark when the CI was picked up by law enforcement. (Id. at 37). On rebuttal, Armstrong testified that the controlled drug purchase was conducted around 5:30 p.m. in mid-April. (Id. at 39). According to Armstrong, "[i]t was still daylight, not even getting dark." (Id. at 39-40-41). Armstrong testified he had given the CI $150 just prior to the CI meeting with Shelton, and the CI did not have any money on him after meeting with Shelton. (Id. at 40).

{¶19} After reviewing all the above, we cannot conclude that the trial court abused its discretion by denying Shelton's pre-sentence Crim.R. 32.1 motion to withdraw. Shelton failed to demonstrate a reasonable and legitimate basis for the withdrawal, and our review of the applicable *Griffin* factors above supports the trial court's decision. The only evidence Shelton presented in support of her motion was her own self-serving testimony, which was shown to be less than reliable through the course of the hearing. Shelton's trial counsel indicated that he

thought Shelton was competent to change her plea, and that the change of plea was in her best interest considering her family. The available record further indicates that: the State would have suffered prejudice from the withdrawal; Shelton was represented by competent counsel; the trial court held an appropriate Crim.R. 11 colloquy prior to Shelton's change of plea; the trial court held an extensive hearing on Shelton's motion to withdraw giving it full and fair consideration; the timing of Shelton's motion was unreasonable; the stated reasons for Shelton's motion were suspect; Shelton understood the nature of the charges and potential sentences; and Shelton failed to raise a question concerning her guilt or that she had a complete defense to the charge. *Lane*, 2010–Ohio–4819, at ¶21, citing *Griffin*, 141 Ohio App.3d at 554.

{¶20} Shelton's assignment of error is, therefore, overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS, P.J. and SHAW, J., concur.**

**/jlr**